**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI WESTERN DIVISION**

| | | |
|---|---|---|
| ANDREW EUGENE MCGUIRE,<br><br>Plaintiff,<br><br>v.<br><br>QUINTON D LUCAS, MAYOR OF THE CITY OF KANSAS CITY, MISSOURI;<br><br>Defendant. | ) | Case No. 4:23-00107-CV-RK |

**ORDER**

Before the Court is Plaintiff's Application for Leave to File Action without Payment of Fees (doc. 1) and Affidavit of Financial Status (doc. 2) in support. After careful review, Plaintiff's application will be **DENIED without prejudice.**

## I. Request to Proceed *In Forma Pauperis*

28 U.S.C. § 1915(a)(1) authorizes the Court to allow indigent persons to commence a civil action without the prepayment of fees. However, "[t]he opportunity to proceed *in forma pauperis* is a privilege, not a right." *Weaver v. Pung*, 925 F.2d 1097, 1099 n.4 (8th Cir. 1991) (citations omitted). When presented with a motion to proceed *in forma pauperis*, the Court first determines whether the plaintiff satisfies the economic eligibility requirements. Local Rule 83.7(c) provides that paying the initial filing fee should not cause the plaintiff "to give up the basic necessities of life." The Court must also determine whether the applicant's complaint is "frivolous or malicious; fails to state a claim upon which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief," and if so, the Court "shall dismiss the case." 28 U.S.C. § 1915(e)(2)(B).

Upon review, Plaintiff's affidavit submitted in support of his application for leave to proceed in forma pauperis appears to omit information from Section III, Financial Status, such that the Court cannot determine whether Plaintiff he is capable of paying the initial filing fee. In particular, Section III, Item E reflects that Plaintiff received money in the past 12 months from "Military Disability, Chapter 31 Stipend" but does not reflect an amount as called for by the form, which requires Plaintiff to "state the amount received from each [source of money] during the past 12 months." (Doc. 2 at 4.)

## II. Conclusion

For the foregoing reasons, Plaintiff's Application for Leave to File Action without Payment of Fees (doc. 1) is **DENIED without prejudice**. Plaintiff is directed on or before March 2, 2023, either to supplement his Application for Leave to File Action without Payment of Fees so the Court may turn to the second prong of the *in forma pauperis* analysis, or Plaintiff shall pay the filing fee in full. The Clerk of the Court is directed to send a copy of this Order to Plaintiff via regular mail.

**IT IS SO ORDERED.**

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: February 17, 2023