RECEIVED
2025 FEB 11 PM 1:32
CLERK U.S. DIST COURT
WEST DIST. OF MO
KANSAS CITY MO

IN THE UNITED STATES
DISTRICT COURT
FOR THE WESTERN DISTRICT
OF MISSOURI

| | | |
|---|---|---|
| **ANDREW MCGUIRE**,<br>Plaintiff, | §<br>§ | |
| | § | **Case No. 4:23-cv-00107** |
| v. | §<br>§ | |
| **QUINTON LUCAS**, in his official<br>and individual capacities,<br>Defendant. | §<br>§<br>§ | |

# PLAINTIFF'S MOTION TO SET ASIDE SETTLEMENT AGREEMENT

# BASED ON COERCION, INTIMIDATION, AND ABUSE OF GOVERNMENTAL AUTHORITY

## INTRODUCTION

1. Plaintiff **Andrew McGuire** respectfully moves this Court to **set aside the settlement agreement** in **Case No. 4:23-cv-00107**, on the grounds that the agreement was obtained **through coercion, threats, and unconstitutional abuse of governmental authority** by Defendant **Quinton Lucas**.

2. Specifically, Plaintiff asserts that Defendant:

   - **Used law enforcement to intimidate, harass, and stalk Plaintiff** in retaliation for his constitutionally protected activities.
   - **Threatened Plaintiff with further government-sanctioned retaliation** if he refused to settle.
   - **Directed police officers to engage in targeted harassment, including issuing pretextual traffic violations and later promoting one of the involved officers**.
   - **Weaponized governmental resources** (e.g., filing criminal complaints via city staff) to restrict Plaintiff's **access to courts, civic engagement, and political speech**.
   - **Engaged in unconstitutional viewpoint discrimination**, a claim at the heart of this lawsuit, which the U.S. Supreme Court has recently ruled upon favorably in similar cases.

3. Because **settlement agreements must be entered into voluntarily and free from coercion**, and because Defendant's actions constitute a **clear abuse of power**, Plaintiff requests that this Court **set aside the agreement** and reinstate the case.

---

## FACTUAL BACKGROUND

### A. Retaliation and Coercion Through Law Enforcement

4. Plaintiff has been a **vocal critic** of Defendant's policies and has engaged in lawful **political activism, speech, and legal challenges** against governmental misconduct.
5. In retaliation, Defendant **used law enforcement as a tool of intimidation** by:
   - Directing **Kansas City police officers to surveil Plaintiff's residence**.
   - **Issuing a pretextual traffic violation** as a means of harassment, then **promoting the officer involved** to Defendant's private security detail.
   - Stationing officers near Plaintiff's home **without lawful justification** to create a chilling effect on his speech.
6. **These acts of coercion and intimidation were directly linked to Defendant's efforts to pressure Plaintiff into settling this lawsuit.**

### B. Weaponization of Government Staff and Criminal Complaints

7. Defendant also engaged in **misuse of governmental resources** by directing **city staff members to file criminal complaints** against Plaintiff for:
   - **Submitting public records requests under Missouri's Sunshine Law** (RSMo § 610.010 et seq.).
   - **Attempting to serve litigation documents on Defendant** as part of this case.
   - **Engaging in peaceful civic participation**, such as attending public meetings and organizing lawful protests.
8. These **government-backed criminal complaints** served one purpose: **to deter Plaintiff from continuing this lawsuit and other constitutionally protected activities.**

### C. The Settlement Agreement Was Not Entered Into Voluntarily

9. Plaintiff only **agreed to settle this lawsuit under duress**, due to the **credible threats, harassment, and intimidation tactics employed by Defendant**.
10. At the time of settlement:

- Plaintiff was under the **constant threat of retaliatory legal action**.

- Plaintiff's **right to access the courts** was actively being obstructed by Defendant's tactics.
- Plaintiff was placed under **substantial stress and fear for his safety**, making it impossible to enter into the agreement voluntarily.

11. **Courts have consistently ruled that contracts, including settlement agreements, obtained through coercion, threats, or undue influence must be set aside** (*Hall v. Williams*, 508 F.3d 1198 (8th Cir. 2007)).

---

## LEGAL STANDARD FOR SETTING ASIDE A SETTLEMENT AGREEMENT

12. Under **federal contract law**, a settlement agreement is **not enforceable** if it was:

- **Procured by coercion or duress** (*Hall v. Williams*, 508 F.3d 1198 (8th Cir. 2007)).
- **Executed under fraudulent or misleading circumstances** (*Perkins v. Simmons*, 144 F.3d 1121 (8th Cir. 1998)).
- **Contrary to public policy or involves misuse of governmental power** (*Doe v. Harris*, 772 F.3d 563, 583 (9th Cir. 2014)).

13. The **U.S. Supreme Court has ruled in favor of Plaintiff's legal argument regarding viewpoint discrimination on social media**, confirming that **government officials may not block critics from engaging in public forums** (*Knight First Amendment Institute v. Trump*, 928 F.3d 226 (2d Cir. 2019), vacated as moot 141 S. Ct. 1220 (2021)).
14. Given that this case **addresses nearly identical legal issues**, and in light of **the coercive nature of the settlement process**, this Court **must set aside the agreement and allow the case to proceed**.

---

## ARGUMENT

### I. The Settlement Agreement Was the Product of Coercion and Duress

15. Defendant's **use of threats, police harassment, and legal intimidation constitutes coercion.**
16. Federal courts recognize that **settlements must be entered into voluntarily**, and when **one party is pressured into settling due to governmental retaliation, the agreement is voidable** (*Hall v. Williams*, 508 F.3d 1198 (8th Cir. 2007)).

### II. The Settlement Agreement is Unenforceable Due to Defendant's Abuse of Power

17. Defendant **used city resources and law enforcement** to retaliate against Plaintiff, violating his constitutional rights.

18. **A contract cannot be legally enforced if it was secured through an abuse of public office.**

19. Allowing the settlement to stand would **set a dangerous precedent**, permitting government officials to **use coercion to escape legal accountability**.

**III. Viewpoint Discrimination Claims Are Still Legally Valid Under Supreme Court Precedent**

20. The Supreme Court has ruled that **public officials cannot suppress dissenting voices on social media or in public forums** (*Knight First Amendment Institute v. Trump*, 928 F.3d 226 (2d Cir. 2019)).

21. Plaintiff's case presents **nearly identical legal arguments** and must be adjudicated on the merits.

---

**REQUESTED RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

A. **Set aside the settlement agreement** in Case No. 4:23-cv-00107, finding that it was entered into under coercion, duress, and governmental intimidation.

B. **Reinstate Plaintiff's lawsuit**, allowing his viewpoint discrimination claims to proceed.

C. **Issue an order prohibiting Defendant from further retaliatory actions**, including misuse of law enforcement and city resources.

D. **Award Plaintiff attorneys' fees and costs incurred in seeking relief from an unlawful settlement agreement**.

E. **Grant any other relief this Court deems just and proper**.

---

**CERTIFICATION OF ATTEMPT TO PROVIDE NOTICE**

16. Under **FRCP 16 and Local Rule 16.1**, Plaintiff certifies that he has attempted to notify Defendant's legal counsel, **Caitlin Lee Stephenson (caitlin@bertramgraf.com), Jason Conkright** (Jason.Conkright@kcmo.org ) of this motion and will provide a copy immediately upon filing.

---

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that this Court **set aside the settlement agreement**, reinstate his lawsuit, and prevent further abuse of power by Defendant.

**Dated:** 2-7-25

**Respectfully** submitted,

**Andrew McGuire**
BA History (Cum Laude)
MA Curriculum and Instruction
MA History
3021 Walnut Street
Kansas City, Missouri 64108
(913) 235-2008